# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **KELVIN CAIN,** : | **PRISONER CIVIL RIGHTS** |
| **GDC ID # 133731,** : | **42 U.S.C. § 1983** |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **PHILLIP TRANSITION** : | |
| **CENTER, et al.,** : | **CIVIL ACTION NO.** |
| : | **1:15-CV-2436-TWT-AJB** |
| Defendants. : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Kelvin Cain, confined in Phillips State Prison in Buford, Georgia, submitted a *pro se* complaint concerning the conditions of his confinement. [Doc. 1.] Plaintiff states that he would "like to be free from segregation and quit being disciplined by authority." [*Id.* at 6.] The Clerk has docketed the matter as a civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff also submitted an incomplete application to proceed *in forma pauperis*. [Doc. 2.] A prisoner may not bring a civil action in federal court *in forma pauperis* "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

AO 72A
(Rev.8/82)

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Court records indicate that Plaintiff, while incarcerated, has filed at least three cases that have been dismissed as frivolous or for failure to state a claim. *See* Order and Opinion, *Cain v. Gwinnett Cnty. Det. Ctr. Prison Health Care Providers*, No. 1:10-cv-1476-TWT, at 2-3 (N.D. Ga. June 14, 2010) (listing Plaintiff's frivolous cases).  Plaintiff does not allege that he is under imminent danger of serious physical injury.  Therefore, Plaintiff may not proceed *in forma pauperis*.

When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, "the proper procedure is . . . to dismiss the complaint without prejudice . . . ." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).  A prisoner who wishes to pursue his claims must refile the action with full payment of the filing fee.  "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that (1) Plaintiff's application to proceed *in forma pauperis*, [Doc. 2], be **DENIED**, and (2) this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED and DIRECTED**, this  14th   day of July, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

3